UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAYA WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC,<br><br>Defendant. | **Case No. 1:24-cv-02327-ALC** |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT REYNOLDS CONSUMER PRODUCTS LLC'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL HISTORY..........................................................................................................2

ARGUMENT..................................................................................................................................2

      I.      Plaintiff Has Not Stated Any Claim........................................................................2

            A.      Standard for Motion to Dismiss Under Rule 12(b)(6) ............................... 2

            B.      Plaintiff Has Not Alleged Any Cognizable Injury and Thus Fails to
State A Claim Under GBL §§ 349 and 350. ............................................... 3

                  1.      Plaintiff Alleges No Facts to Support a Price Premium
Theory. ..........................................................................................3

                  2.      Plaintiff Cannot Salvage Her GBL Claims By Alleging She
Would Not Have Bought Reynolds Wrap. .....................................6

                  3.      Plaintiff's GBL Claims Also Fail Because Her Alleged
Injury Is Not Distinct From the Allegedly Deceptive Act. ..............7

      II.     Plaintiff's Claims Should Be Dismissed With Prejudice.........................................8

CONCLUSION..............................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexandre v. Alcon Lab'ys, Inc.*,
 No. 22-CV-08859, 2024 WL 623707 (S.D.N.Y. Feb. 14, 2024)...............................................6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).................................................................................................................2, 6

*Baron v. Pfizer, Inc.*,
 42 A.D.3d 627, 840 N.Y.S.2d 445 (3d Dep't 2007)................................................................3, 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).................................................................................................................2, 6

*Borenkoff v. Buffalo Wild Wings, Inc.*,
 No. 16-cv-8532, 2018 WL 502680 (S.D.N.Y. Jan. 19, 2018) ...................................................7

*Brownell v. Starbucks Coffee Co.*,
 681 F. Supp. 3d 27, 37 (N.D.N.Y. 2023)...................................................................................3

*Colella v. Atkins Nutritionals, Inc.*,
 348 F. Supp. 3d 120 (E.D.N.Y. 2018) ....................................................................................4, 5

*Crawford v. Franklin Credit Mgmt. Corp.*,
 758 F.3d 473 (2d Cir. 2014).......................................................................................................3

*Daniel v. Tootsie Roll Indus., LLC*,
 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018).............................................................................3

*Donahue v. Ferolito, Vultaggio & Sons*,
 13 A.D.3d 77, 786 N.Y.S.2d 153 (2004) ................................................................................6, 8

*Goshen v. Mut. Life Ins.*,
 98 N.Y.2d 314 (2002) ................................................................................................................3

*Ham v. Lenovo (U.S.) Inc.*,
 No. 22-CV-05131 (ALC), 2024 WL 1348707 (S.D.N.Y. Mar. 29, 2024) ...............................7

*Izquierdo v. Mondelez Int'l, Inc.*,
 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)................................................................4, 5, 6, 8

*Mallgren v. New York State Supreme Ct.*,
 No. 12 CIV. 7404 GBD, 2013 WL 586857 (S.D.N.Y. Feb. 11, 2013) ....................................8

*Newman v. RCN Telecom Servs., Inc.*,
 238 F.R.D. 57 (S.D.N.Y. 2006) .................................................................................................3

*Nomination Di Antonio E Paolo Gensini, S.N.C. v. H.E.R. Accessories Ltd.*,
 No. 07 Civ. 6959 (DAB), 2010 WL 4968072 (S.D.N.Y. Dec. 6, 2010) ..................................2

*Pelman v. McDonalds Corp.*,
 272 F.R.D. 82 (S.D.N.Y. 2010).................................................................................................3

*Preira v. Bancorp Bank*,
 885 F. Supp. 2d 672 (S.D.N.Y. 2012)..................................................................................8

*Small v. Lorillard Tobacco Co.*,
 94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999).......................................................7

*Smith v. Apple, Inc.*,
 583 F. Supp. 3d 554 (S.D.N.Y. 2022)..................................................................................7

*Trotter v. Nat'l Football League*,
 No. 23-CV-8055 (JSR), 2024 WL 2952637 (S.D.N.Y. June 12, 2024) ...................................6

*Zottola v. Eisai Inc.*,
 564 F. Supp. 3d 302 (S.D.N.Y. 2021)..................................................................................7

**Other Authorities**

Fed. R. Civ. P. § 8(a) .............................................................................................................1, 2

Fed. R. Civ. P. § 12(b)(6)........................................................................................................1, 2

Defendant Reynolds Consumer Products LLC ("Reynolds") submits this Memorandum of Law in support of its motion to dismiss Anaya Washington's First Amended Complaint ("FAC") under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

## **PRELIMINARY STATEMENT**

This is another lawyer-driven class action seeking to profit from a truthful "Made in the U.S.A." statement, this time involving Reynolds Wrap—a staple in American kitchens since the 1940s. Plaintiff Anaya Washington claims the "Foil Made in U.S.A." statement on some Reynolds Wrap aluminum foil packages is misleading because—even though Reynolds makes the foil entirely in the United States—Plaintiff believes the raw metals used to make the foil come from outside the U.S. (FAC ¶¶ 19, 23.) Plaintiff alleges she bought Reynolds Wrap an unspecified number of times "during the statutory period" at various retailers in the Bronx (*id.* ¶ 36) and claims—with no factual support—that she "paid a price premium" because of the supposedly misleading "Foil Made in U.S.A." statement. (*Id.* ¶ 30.) Yet Plaintiff provides no facts supporting these conclusions, failing to allege the price paid, why it was a "premium," whether Reynolds even set the price (instead of the retailer), or the price of any "comparable" foil.

As explained below, the FAC should be dismissed for two basic reasons:

*First*, Plaintiff alleges no facts showing the injury or causation elements of her GBL claims. She does not allege how much she paid, how much more she spent compared to alternatives, or even whether Reynolds set the (unidentified) price she paid. Instead, she relies on generic "overpayment" allegations that cannot show any cognizable injury or causation.

*Second,* the FAC should be dismissed because Plaintiff's alleged injury is not sufficiently distinct from the alleged deceptive act as required by her GBL claims. Plaintiff does not show any

connection between the purported misrepresentation and any actual harm and has thus impermissibly set up the alleged deception as both act and injury—which does not state a claim.

Plaintiff was fully advised of the bases for dismissal during the pre-motion process and was given a chance to amend. She did not add facts sufficient to state a claim, indicating she has no such facts. Thus, any further amendment would be futile.

## PROCEDURAL HISTORY

Washington filed her complaint on March 27, 2024. *See* Dkt. 1. On May 31, 2024, Reynolds requested a pre-motion conference and set forth the bases for its anticipated motion to dismiss. *See* Dkt. 7. On June 7, 2024, the Court granted Washington leave to file an amended complaint and granted Reynolds leave to move to dismiss. *See* Dkt. 9. Washington filed the FAC, amending only the proposed class definition. *See* Dkt. 12.

## ARGUMENT

I. **Plaintiff Has Not Stated Any Claim.**

  A. **Standard for Motion to Dismiss Under Rule 12(b)(6)**

Under Rule 8(a)(2), a complaint must allege ***facts*** that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court should not draw inferences favorable to a plaintiff based on allegations without "factual content" and should dismiss a claim based on generic or conclusory allegations. *Nomination Di Antonio E Paolo Gensini, S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959 (DAB), 2010 WL 4968072, at *6 (S.D.N.Y. Dec. 6, 2010).

2

### B.  Plaintiff Has Not Alleged Any Cognizable Injury and Thus Fails to State A Claim Under GBL §§ 349 and 350.

"A cause of action under GBL § 349 has three elements: (1) 'the challenged act or practice was consumer-oriented'; (2) 'it was misleading in a material way'; and (3) 'the plaintiff suffered injury as a result of the deceptive act.'" *Daniel v. Tootsie Roll Indus., LLC*, 2018 WL 3650015, at *11 (S.D.N.Y. Aug. 1, 2018) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014)). "[A] plaintiff must allege that defendant's … deceptive acts or practices caused actual, although not necessarily pecuniary, harm directly to plaintiff." *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 628, 840 N.Y.S.2d 445, 447-48 (3d Dep't 2007) (internal quotations and citations omitted); *see also Pelman v. McDonalds Corp.*, 272 F.R.D. 82, 92, 94 (S.D.N.Y. 2010) (holding that GBL § 349 requires showing that alleged deception caused the harm asserted); *Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 63 (S.D.N.Y. 2006) (same). "The standard for recovery under [GBL] § 350, while specific to false advertising, is otherwise identical to section 349." *Goshen v. Mut. Life Ins.*, 98 N.Y.2d 314, 324 n.1 (2002).

#### 1.  Plaintiff Alleges No Facts to Support a Price Premium Theory.

To show injury and causation under the GBL, Washington must allege facts showing that the price of the Reynolds Wrap aluminum foil she bought was inflated as a result of the "Foil Made in U.S.A." statement:

> [C]onsumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices[,] have not suffered an injury under [GBL] § 349. Instead, a plaintiff must plead something more than the defendant's deception; for example, that the price of the product was inflated as a result of defendant's deception or that use of the product adversely affected plaintiff's health.

*Brownell v. Starbucks Coffee Co.*, 681 F. Supp. 3d 27, 37 (N.D.N.Y. 2023) (internal citations and quotations omitted).

3

Washington alleges no such facts. She generically alleges that Reynolds Wrap supposedly sells "for a price premium, approximately no less than $4.99 per 75 square feet, excluding tax or any sales" (FAC ¶ 34), that is "higher than similar products…and higher than it would be sold for" without the supposedly misleading statement. (*Id.*) But despite the opportunity to amend, Washington still does not allege how much *she paid*, how much more she supposedly spent compared to alternatives, what the "premium" supposedly was, or how the "Foil Made in U.S.A." statement caused that premium. *See, e.g.*, *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing GBL §§ 349 and 350 claims because "plaintiff only conclusorily asserts that Atkins Nutritionals charges a premium for its products and provides no facts regarding what the premium was [or the] price he paid for [them]").

Washington may point to her allegations about a supposed premium of "$4.99 per 75 square feet," but she never alleges *she* paid this amount—as this assertion is part of the background allegations, not her transactions. (FAC ¶ 34.) For her transactions, Washington alleges only that she bought Reynolds Wrap "at locations including Target on 225th Street, C-Town, and BJ's in the Bronx, New York during the statutory period" without alleging when (*id.* ¶ 36), and generically states that she "paid a price premium" (*id.* ¶ 30), "would not have purchased… or she would have paid less" (*id.* ¶ 44), "would not have paid as much" (*id.* ¶ 45), and "paid a premium price" (*id.* ¶¶ 78, 87)—with no facts or support. Merely reciting the word "premium" is not enough to allege a cognizable injury, let alone causation. *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (dismissing GBL § 349 claim because "recit[ing] the word 'premium' multiple times in their Complaint does not make Plaintiffs' injury any more cognizable").

Washington's generic "overpayment" allegations do not show any cognizable injury. She alleges **no facts** showing that **Reynolds** charges a higher price than similar products—much less

4

that any higher price was **because of** the "Foil Made in U.S.A." statement. If anything, Washington's allegations contradict this conclusion. She explicitly alleges that she "trusted the Reynolds Wrap brand, because it is the equivalent of Kleenex (facial tissues) and Vaseline (petroleum jelly) in terms of its identity and position in its product category" (FAC ¶ 41), indicating that Plaintiff placed a premium on the Reynolds **brand**, beyond any "Foil Made in U.S.A." statement.

Washington's generic assertion that Reynolds Wrap sells for a price "higher than similar products … and higher than it would be sold for" without the allegedly misleading statement (FAC ¶ 34) is analogous to allegations courts have rejected. For example, the plaintiff in *Colella* alleged that "Atkins charges a premium for its products" and that he and the class members "paid more than they normally would have for comparable products"—without alleging when he bought the products, what he paid, or how it was a premium. *Colella*, 348 F. Supp. 3d at 142-43. The court rejected these allegations and dismissed the GBL claims because "plaintiff pleaded no facts to support his assertion that plaintiff paid a premium price. As such, plaintiff's conclusory allegations are insufficient to identify a cognizable injury." *Id.* at 143.

Washington's generic allegations about an estimated price of "approximately no less than $4.99 per 75 square feet" (FAC ¶ 34) is even less specific than the allegation rejected in *Izquierdo*, in which the plaintiff alleged that he bought the candy at issue for the alleged "premium price of $4.29 (or more)" and provided examples of other candy sold at lower prices. *See Izquierdo*, 2016 WL 6459832, at *1, *7. The court rejected these allegations and dismissed the GBL claim because, despite alleging a "premium price of $4.29 (or more)," like Washington here, "Plaintiffs have not alleged that they paid a *higher* price for the Candy than they otherwise would have." *Id.* The *Izquierdo* court also dismissed the GBL claim because—like Washington here—the plaintiffs

5

failed to allege that the defendant (rather than the movie theater retailer) set the price, so it was unclear "that Plaintiffs' alleged injury (the price paid) flowed from any act of [the defendant.]" *Id.* Washington tells the Court ***even less*** about Reynolds Wrap and whether the price was inflated by the allegedly misleading statement.[1]

The facts of Washington's transactions are uniquely within her possession. She knows how much she paid and when, she knows the price of alternatives she considered and if there is a difference, and she is the only one who can explain how the "Foil Made in U.S.A." statement supposedly caused a price premium. *See Trotter v. Nat'l Football League*, No. 23-CV-8055 (JSR), 2024 WL 2952637, at *15 (S.D.N.Y. June 12, 2024) (granting motion to dismiss when plaintiff did not allege "the kind of information generally within a plaintiff's control prior to filing"). Washington provides none of these facts, and her generic "overpayment" allegations do not state a claim.

### 2. Plaintiff Cannot Salvage Her GBL Claims By Alleging She Would Not Have Bought Reynolds Wrap.

Washington's assertion that she would not have bought Reynolds Wrap also fails to show injury, as New York courts reject the argument "that consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349." *Baron*, 42 A.D.3d at 629 (citation omitted); *see also Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 78, 786 N.Y.S.2d 153, 154 (1st Dep't 2004) (dismissing the claims under GBL § 349 where plaintiffs alleged "the deceptive labels … caused them to spend money but receive no health benefits in return" but did not allege "that the cost of

---

[1] Although there is non-binding case law in this jurisdiction allowing bare-bones allegations, *see, e.g.*, *Alexandre v. Alcon Lab'ys, Inc.*, No. 22-CV-08859, 2024 WL 623707, at *5 (S.D.N.Y. Feb. 14, 2024), those cases do not faithfully apply the pleading standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which make clear that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

6

the beverages was inflated by these misrepresentations or that their health was adversely affected by drinking the beverages"). As this Court recently held, an allegation that "consumers would not have purchased Defendant's Products but for the alleged misrepresentation … is insufficient to establish 'actual injury.'" *Ham v. Lenovo (U.S.) Inc.*, No. 22-CV-05131 (ALC), 2024 WL 1348707, at *7 (S.D.N.Y. Mar. 29, 2024) (dismissing GBL §§ 349 and 350 claims) (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 698 N.Y.S.2d 615, 621, 720 N.E.2d 892, 898 (1999)); *see also Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 310 (S.D.N.Y. 2021) ("a plaintiff's allegation that he or she bought a product that he or she 'would not have purchased, absent a manufacturer's deceptive commercial practices' is insufficient to establish a cognizable injury under NYGBL §§349 and 350"). Thus, Washington's generic assertion that she would not have bought Reynolds Wrap is both unsupported and insufficient to state a claim.

### 3. Plaintiff's GBL Claims Also Fail Because Her Alleged Injury Is Not Distinct From the Allegedly Deceptive Act.

Washington also fails to allege a cognizable injury because her allegation that she was injured because Reynolds Wrap was not "Foil Made in U.S.A." is not sufficiently distinct from the allegedly deceptive act to state a cognizable injury. To demonstrate an injury under the GBL, Washington must "show a 'connection between the misrepresentation and any harm from, or failure of, the product.'" *Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 566 (S.D.N.Y. 2022) (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 at 56); *see also Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-cv-8532, 2018 WL 502680, at *4 (S.D.N.Y. Jan. 19, 2018) (dismissing GBL § 349 claim where plaintiff failed to allege how the allegedly deceptive conduct "affects the objective economic value of the … items she received"). "[A] plaintiff must plead something more than the defendant's deception; for example, that the price of the product was inflated as a result of

7

defendant's deception or that use of the product adversely affected plaintiff's health." *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 677 (S.D.N.Y. 2012) (quoting *Baron*, 42 A.D.3d at 629).

As shown, Washington alleges no facts showing a price premium or a connection between the "Foil Made in U.S.A." statement and any harm, thus setting up the alleged deception as both act and injury. Similar allegations have been expressly and consistently rejected by New York courts. *See, e.g.*, *Preira*, 885 F. Supp. 2d at 679 ("Plaintiff's claim sets forth deception as both act and injury and, thus, contains no manifestation of either pecuniary or actual harm") (internal quotations omitted); *Izquierdo*, 2016 WL 6459832, at *7 ("Plaintiffs[] have impermissibly set up the deception as both act and injury, a theory specifically disallowed by our courts."); *Donahue*, 13 A.D.3d at 78 (finding that plaintiffs "have impermissibly set up the deception as both act and injury, a theory specifically rejected by our courts"). For this reason as well, her GBL claims should be dismissed.

**II.     Plaintiff's Claims Should Be Dismissed With Prejudice.**

Washington was fully advised of the bases for dismissal in Reynold's pre-motion-to-dismiss letter and given an opportunity to allege facts stating a claim. *See* Dkt. 7. She did not do so. Any further chance to amend would be futile, and dismissal with prejudice is warranted. *See Mallgren v. New York State Sup. Ct.*, No. 12 CIV. 7404 GBD, 2013 WL 586857, at *2 (S.D.N.Y. Feb. 11, 2013) ("As Plaintiff has already had an opportunity to amend his complaint and has demonstrated that he cannot make out his cause of action, further amendment would be futile, and his complaint is dismissed with prejudice.").

## CONCLUSION

For all these reasons, Reynolds asks the Court to enter an Order granting Reynolds's Motion to Dismiss and dismissing Plaintiff's FAC with prejudice.

|  |  |
|---|---|
| Dated: July 22, 2024 | Respectfully submitted,<br><br>**GREENBERG TRAURIG, LLP**<br><br>By: <u>*/s/ Nilda M. Isidro*</u><br>Nilda M. Isidro<br>One Vanderbilt Ave<br>New York, New York 10017<br>Tel: (212) 801-9200<br>nilda.isidro@gtlaw.com<br><br>Robert J. Herrington\*<br>**GREENBERG TRAURIG, LLP**<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Tel: (310) 586-7700<br>robert.herrington@gtlaw.com<br><br>*Attorneys for Defendant Reynolds Consumer Products LLC*<br><br><br>\* Pro Hac Vice application forthcoming |