UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAYA WASHINGTON, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    -against-<br><br>REYNOLDS CONSUMER PRODUCTS, LLC,<br><br>         Defendants. | 24-cv-02327 (ALC)<br><br>OPINION AND ORDER |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Anaya Washington, on behalf of herself and all others similarly situated (the "Class," as defined below), brings this putative class action based on violations of New York General Business Law ("GBL") Sections 349 and 350 against Defendant Reynolds Consumer Products LLC ("Defendant"). Plaintiff claims the label "FOIL MADE IN U.S.A." used on packaging for Reynolds Wrap aluminum foil (the "Product") is misleading because the raw materials used to make the product are sourced from outside the United States. Defendant now moves to dismiss Plaintiff's claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, Defendant's motion to dismiss is DENIED.

## BACKGROUND

### I. Factual Background

  Unless otherwise indicated, the following facts are drawn from Plaintiff's First Amended Complaint and are assumed to be true for the purposes of this motion to dismiss. Defendant manufactures, labels, markets, and sells its Product under the name "Reynolds Wrap," which it marks with the words "FOIL MADE IN U.S.A." placed alongside three stars. ECF No. 12 ("FAC") ¶ 1.




*Id.* Plaintiff alleges that "[c]ompanies that use unqualified claims that products are 'Made in U.S.A.' can mislead consumers when raw materials used in those products are sourced and/or transformed outside of the United States" and that the three stars reinforce the "Made in U.S.A." claim because of their unique association with the United States flag. *Id.* ¶¶ 4, 6–7.

Bauxite is the raw material and only commercial ore used for the aluminum that is used in aluminum foil. *Id.* ¶ 8. Bauxite has not been mined in the United States since 1981. *Id.* ¶ 11. Bauxite is processed and refined into alumina, which is then smelted into aluminum ingots, which are further processed to create aluminum foil. *Id.* ¶ 15. None of the top 20 alumina refineries in the world (excluding China) are in the United States. *Id.* ¶¶ 17–18. Plaintiff contends that Defendant's "Made in U.S.A." claim is misleading "[b]ecause a substantial amount of the bauxite that is used (ultimately) in the aluminum in the Products, as well as a substantial

amount of the alumina that is used in the aluminum in the Products, are transformed into aluminum outside of the United States[.]". *See id.* ¶ 19. Plaintiff also alleges that Defendant tries to qualify its claim by limiting its applicability only to the production of the foil, but reasonable consumers do not understand the claim to mean that Defendant merely processes aluminum ingots into aluminum foil. *See id.* ¶¶ 19–20.

Plaintiff purchased the Product at Target, C-Town, and BJ's stores in New York during the statutory period. *Id.* ¶ 36. Plaintiff alleges that the Product—priced at approximately $4.99 per 75 square feet—is priced higher than other products and higher than it would be priced but for the misleading representations and omissions. *Id.* ¶ 34. By relying on Defendant's claim, Plaintiff and "[a]ll persons who purchased the Product in New York from March 26, 2021, to the present" (the "Class") paid a price premium for Defendant's products because the products were worth less than what Plaintiff and Class actually paid. *Id.* ¶¶ 30–31, 60.

## II.     Procedural Background

On March 27, 2024, Plaintiff filed her Complaint. ECF No. 1. On May 31, 2024, Defendant requested a pre-motion conference and set forth the bases for its anticipated motion to dismiss. ECF No. 7. On June 7, 2024, the Court granted Plaintiff leave to file an amended complaint and granted Defendant leave to move to dismiss. ECF No. 9. On June 6, 2024, Plaintiff filed the FAC. ECF No. 12. On July 22, 2024, Defendant filed its motion to dismiss. ECF No. 13. On August 21, 2024, Plaintiff filed her opposition. ECF No. 17. On September 11, 2024, Defendant filed its reply. ECF No. 18.

## STANDARD OF REVIEW

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading

3

"need not include detailed factual allegations, but must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Corona Realty Holding, LLC v. Town of N. Hempstead*, 382 F. App'x 70, 71 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). When considering a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the incantation of the elements of a cause of action, "supported by mere conclusory statements," is not enough to show plausibility. *Id.* at 72. Instead, "[f]actual allegations must be enough to raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Last, because a Court resolving a Rule 12(b)(6) motion "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010), the Court also considers the Product's label as submitted in the FAC. *See Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *1–2, 10 (S.D.N.Y. Sept. 11, 2017).

## DISCUSSION

Plaintiff's claims arise under Sections 349 and 350 of the GBL. Section 349 of the GBL provides a cause of action for any person injured by "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law. § 349(a), (h). "'Deceptive acts' are acts that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). Section 350 of the GBL prohibits "[f]lase advertising in the conduct of any business, trade or

recommerce," and is analyzed under the same "reasonable consumer" standard as Section 349. *Id.* (citing *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). "The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349, and therefore the Court will merge its analysis of the two claims." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (internal quotation marks and citations omitted).

To assert a claim under Sections 349 or 350 of the GBL, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). These claims are "not subject to the pleading-with-particularity requirements of Rule 9(b)" and "need only meet the [ordinary pleading] requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005); *accord Velez v. Lasko Prod., LLC*, No. 1:22-CV-08581, 2023 WL 8649894, at *2 (S.D.N.Y. Dec. 14, 2023).

Under either Sections 349 or 350 of the GBL, Plaintiff must allege that they "suffered injury as a result of [Defendant's] allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (quotation marks omitted). "A plaintiff can show this injury by alleging "an overpayment, or 'price premium,' whereby a plaintiff pays more than she would have but for the deceptive practice." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020) (quoting *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-04697, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016)); *see also Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (explaining that "the issue of 'price premium' [is] relevant

[in consumable goods cases] because it show[s] that the plaintiffs paid more than they would have for the good but for the deceptive practices of the defendant-sellers").

Plaintiff must also allege the connection between the injury and the "materially misleading practice." *Duran*, 450 F. Supp. 3d at 350. "This connection often takes the following form: A plaintiff alleges that a company marketed a product as having a 'unique quality,' that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality." *Id.* (collecting cases).

Defendant does not dispute that Plaintiff has alleged consumer-oriented conduct that is materially misleading. Rather, Defendant focuses solely on the third prong, arguing that the FAC does not sufficiently allege any cognizable injury under GBL Sections 349 and 350. Specifically, Defendant contends that Plaintiff has not put forth sufficient facts to support her price premium theory; that it is not enough for Plaintiff to allege she would not have purchased the Product but for the allegedly misleading statement; and Plaintiff cannot show a connection between the misrepresentation and her injury. The Court therefore focuses on the third prong for the purposes of evaluating this motion

Plaintiff wanted to "buy American." FAC ¶ 40. "Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives." *Id.* ¶ 24. Plaintiff alleges that she bought the Product at Target, C-Town, and BJ's in New York during the statutory period and relied on the "words, layout, packaging, and images on the Product label in deciding to purchase the Product[.]" *Id.* ¶ 36, 39. Plaintiff contends that "[t]he value of the Products that Plaintiff purchased was materially less than their value as represented by

6

Defendant by means of the 'Made in U.S.A.' representations" and that "Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers." *Id.* ¶ 31–32.  Additionally, Plaintiff states that had they "known the truth, they would not have bought the Product or would have paid less for it." *Id.* ¶ 33.  Finally, Plaintiff pleads a price premium and the connection between the price premium and the "FOIL MADE IN U.S.A." label:

> As a result of the false and misleading representations, the Product is sold for a price premium, approximately no less than $4.99 per 75 square feet, excluding tax or any sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions that the Product is "Foil Made in U.S.A."

*Id.* ¶ 34.  Drawing all inferences in Plaintiff's favor, the FAC adequately alleges injury under a price premium theory.

The Court is not moved by Defendant's arguments to the contrary.  First, Defendant makes much of Plaintiff's reliance on *Pelman* for the proposition that she is only subject to the "bare-bones notice-pleading requirements" of Federal Rule of Civil Procedure 8(a).  *Pelman,* 396 F.3d at 511.  Although the Court agrees that Plaintiff is subject to the pleading requirements under *Iqbal* and *Twombly*, it is the Court's view that *Pelman* is nevertheless instructive for showing that Federal Rule of Civil Procedure 9(b)'s pleading-with-particularity requirement is inapplicable in Section 349 cases.

Rule 9(b) sets forth that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  However, *Pelman* is clear that "because § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices . . . and because a private action under § 349 does not require proof

7

of the same essential elements (such as reliance) as common-law fraud, an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b)[.]" *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)).  Although Plaintiff is certainly beholden to the pleading standard under *Iqbal* and *Twombly*, she is not subject to the heightened standards under Rule 9(b).  *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 577 (S.D.N.Y. 2021) (applying both *Iqbal* and *Twombly* and declining dismissal where a plaintiff did not allege with specificity where, when, and for how much they purchased a product in part because "[c]laims under GBL §§ 349 [and] 350 are not subject to the pleading-with-particularity requirements of Rule 9(b)") (internal quotations omitted).  The Court can thus safely consider Plaintiff's pleadings under Rule 8(a).

In arguing the insufficiency of Plaintiff's pleadings, Defendant relies on two cases where courts dismissed GBL Section 349 claims.  In *Colella v. Atkins Nutritionals, Inc.*, the plaintiff alleged that "Atkins charges a premium for its products" and that he and the class members "paid more than they normally would have for comparable products" without alleging "with specificity where he purchased the products, when he purchased the products, or what he paid for the products."  *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 142–43 (E.D.N.Y. 2018).  Moreover, the plaintiff merely attached to their complaint a picture of a single product and a picture of the ingredients label of that product while claiming misrepresentation in other Atkins products, alleging that "[a]n identical or substantially similar claim appears on every Atkins' product."  Amended Complaint, *Colella v. Atkins Nutritionals, Inc.,* No. 17-CV-5867 (E.D.N.Y.), ECF No. 26 ¶¶ 21–26.

In the instant case, Plaintiff has met the standard set forth in *Colella*. Plaintiff sufficiently specified which product she purchased (Reynolds Wrap aluminum foil), detailed the alleged misrepresentation (the label "FOIL MADE IN U.S.A." and the three stars), where and when she made the purchase (at Target, C-Town, and BJ's stores in New York during the statutory period), and that she paid a premium price (approximately no less than $4.99 per 75 square feet, higher than similar products represented in a non-misleading way).

Defendant's other key case, *Izquierdo v. Mondelez Int'l, Inc.*, is also inapposite. *Izquierdo,* 2016 WL 6459832. Defendant argues that the allegation here is even less specific than the one dismissed in *Izquierdo*, where a plaintiff bought candy at the "premium price of $4.29 (or more)" and provided examples of other kinds of candy sold at lower prices. *Id.* at *1, *7. The *Izquierdo* court found that the plaintiffs merely recited the word "premium" and that they "[had] not alleged that they paid a *higher* price for the [candy in question] than they otherwise would have." *Id.* But in the instant case, Plaintiff has plausibly alleged that she paid a higher price than she otherwise would have absent the "FOIL MADE IN U.S.A" label, so Plaintiff has met *Izquierdo*'s requirement. *See Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 69 (E.D.N.Y. 2017) (denying dismissal of GBL claims upon a finding that the plaintiff's claims "satisfy *Izquierdo* because she has alleged that she paid a higher price for the Infant Formula than she would have paid absent the allergy claims").

Defendant also argues that Plaintiff's pleadings are deficient because she failed to allege exactly how much she paid for the foil or even denote the prices of comparable products. But Rule 8(a) does not mandate that "a complaint be a model of clarity or exhaustively present the facts alleged, as long as it gives [the] defendant fair notice of what [the] plaintiff's claim is and the facts upon which it rests." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 422

9

(S.D.N.Y. 2010) (internal quotations and citations omitted). Indeed, Defendant is "demanding more than the law requires" from Plaintiff in the motion to dismiss stage. *See Colpitts*, 527 F. Supp. at 577; *see also Ebin v. Kangadis Food Inc.*, No. 13-CV-2311, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) (deeming allegations sufficient to state a claim under GBL Section 349 where "[t]he deception is the false and misleading label, and the injury is the purchase price"). The position that Plaintiff "must identify a precisely comparable product in order to allege a GBL section 349 or 350 claim under a price premium theory . . . contradicts the weight of the law in this Circuit." *Greene*, 262 F. Supp at 69; *see also Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d Cir. 2020) ("Furthermore, Axon's failure to identify the prices of competing products to establish the premium that she paid 'is not fatal to [her] claim' at this stage of the proceedings.") (quoting *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 481–82 (S.D.N.Y. 2014)). The Court therefore finds that Plaintiff has sufficiently pled its GBL claims and the claims should proceed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the FAC is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 13. Defendant is ORDERED to file an answer to the Complaint within twenty-one (21) days of the entry of this order.

**SO ORDERED.**

**Dated:**     **New York, New York**
             **March 3, 2025**

                        **ANDREW L. CARTER, JR.**
                        **United States District Judge**