UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAYA WASHINGTON, MICHELLE SOLAS, DINA VOLPE, MARC YANCEY, and DOUGLAS ANGONA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:24-cv-02327-ALC-RFT<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.　Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.　The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.　The protections conferred by this Protective Order cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information;

1

(2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

      The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

      6.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A.

      7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

      8.      For testimony given in deposition or in other pretrial or trial proceedings, the designating party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Alternatively, a designating party may specify, at the deposition or up to 30 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL." The use of a document as an exhibit

at a deposition shall not in any way affect its designation as "CONFIDENTIAL." Transcripts containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any document or information designated as "CONFIDENTIAL." For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

12. If a receiving party learns that, by inadvertence or otherwise, it has disclosed documents or information designed as "CONFIDENTIAL" to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the agreement to be bound by this Protective Order in the form attached as Exhibit A.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

14. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a. Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**SO STIPULATED AND AGREED.**

Dated:  June 3, 2025
        New York, NY

| | |
|---|---|
| **REESE LLP** | **GREENBERG TRAURIG, LLP** |
| By: */s/ George V. Granade* <br> George V. Granade <br> *ggranade@reesellp.com* <br> 8484 Wilshire Boulevard, Suite 515 <br> Los Angeles, California 90211 <br> Telephone: (310) 393-0070 | By: */s/ Nilda M. Isidro* <br> Nilda M. Isidro <br> One Vanderbilt Ave <br> New York, New York 10017 <br> Tel: (212) 801-9200 <br> nilda.isidro@gtlaw.com |
| **REESE LLP** <br> Michael R. Reese <br> *mreese@reesellp.com* <br> 100 West 93rd Street, 16th Floor <br> New York, New York 10025 <br> Telephone: (212) 643-0500 | Robert J. Herrington (pro hac vice) <br> **GREENBERG TRAURIG, LLP** <br> 1840 Century Park East, Suite 1900 <br> Los Angeles, CA 90067 <br> Tel: (310) 586-7700 <br> robert.herrington@gtlaw.com |
| **SHEEHAN & ASSOCIATES, P.C.** <br> Spencer Sheehan <br> *spencer@spencersheehan.com* <br> 60 Cuttermill Road, Suite 412 <br> Great Neck, New York 11021 <br> Telephone: (516) 268-7080 | *Attorneys for Defendant Reynolds Consumer Products LLC* |
| **BAILEY & GLASSER, LLP** <br> Elizabeth Ryan (*pro hac vice* to be filed) <br> *eryan@baileyglasser.com* <br> 176 Federal Street, 5th Floor <br> Boston, Massachusetts 02110 <br> Telephone: (617) 439-6730 | Date: July 2, 2025 <br> New York, NY <br><br> SO ORDERED <br><br> _____ <br> ROBYN F. TARNOFSKY <br> UNITED STATES MAGISTRATE JUDGE |
| *Attorneys for Plaintiff and the Proposed Class* | |

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAYA WASHINGTON, MICHELLE SOLAS, DINA VOLPE, MARC YANCEY, and DOUGLAS ANGONA, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC,<br><br>       Defendant. | Case No. 1:24-cv-02327-ALC-RFT<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20\_\_\_

_____   _____
Name (printed)                                                Signature

Signed in the presence of:

_____
(Attorney)